UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIA LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| VIRTUOSO SOURCING GROUP, LLC and | ) | |
| PENDRICK CAPITAL PARTNERS LLC | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Rosalia Lopez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for the Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Rosalia Lopez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for an alleged debt that originated with Infinity Healthcare Physicians ("Infinity"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4.      Defendant, Virtuoso Sourcing Group, LLC ("VSG") is a Colorado business entity with an address of 4500 Cherry Creek Drive, South 300, Glendale, Colorado, 80246. It's registered office and agent is Illinois Corporation Service C, which can be found at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.  (Exhibit A, Record from Illinois Secretary of State).

5.      VSG is licensed by the Illinois Department of Financial and Professional Regulation as a licensed collection agency in Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

6.      VSG regularly collects or attempts to collect defaulted consumer debts, using the mails and/or the telephone to collect or attempt to collect, directly or indirectly, defaulted consumer debts from consumers.

7.      Thus, VSG is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8.      Defendant, Pendrick Capital Partners, LLC ("Pendrick"), is a Virginia limited liability company with principal offices at 1714 Hollinwood Dr., Alexandria VA 22307. It's registered agent is CT Corporation System, and can be found at 208 SO LaSalle St., Suite 814, Chicago, IL 60604.

9.      Pendrick is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.     Defendant Pendrick is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

11.     Pendrick holds a collection agency license from the State of Illinois.

12. Pendrick regularly collects or attempts to collect defaulted consumer debts, and is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. Plaintiff incurred a debt for personal medical services, originally to Infinity Healthcare Physicians ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

14. Due to overwhelming medical bills and a deteriorating financial situation, Plaintiff was unable to pay the alleged debt, and it went into default.

15. On or about April 13, 2015, due to her continued deteriorating financial situation, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the US Bankruptcy Court for the Northern District of Illinois.

16. Plaintiff filed the petition under the name "Rosalia Lopez" in Bankruptcy Case Number 16-12648, included the last four digits of her social security number, and included this identification on subsequent filings made with the Bankruptcy Court and communications to her creditors.

17. Plaintiff listed Infinity on her list of creditors—actual notice of the bankruptcy having been transmitted via USPS First-Class mail by the Bankruptcy Noticing Center on or about April 16, 2016. Infinity did not object to the petition for bankruptcy. (Exhibit C, Official Bankruptcy Form 309A).

18. Pendrick Capital Partners ("Pendrick") allegedly purchased the debt at some time after it had entered default, but Plaintiff was unaware of this fact until well after her bankruptcy case had been filed, as she did not receive any written correspondence, or, upon information and

belief, telephonic contact, disclosing Pendrick's legal status with respect to the underlying debt obligation.

19. Pendrick hired or retained VSG at some time after the debt had entered default. VSG acted as Pendrick's agent for the purposes of attempting to collect the alleged debt from Plaintiff during the time that it was retained or hired by Pendrick.

20. Pendrick knew or could have easily ascertained that the debt had been included in bankruptcy because it would have been noted on any documents it received from Infinity, when Infinity assigned, retained, hired, or sold the right to pursue the underlying debt obligation to Pendrick.

21. VSG knew or could have easily ascertained that the debt had been included in bankruptcy because it would have been noted on any documents it received from Pendrick, when Pendrick assigned, retained or hired VSG to attempt to collect the alleged debt on its behalf.

22. On or about June 3, 2016, VSG, on behalf of Pendrick, VSG mailed Plaintiff a collection letter ("Letter") to the Plaintiff. (Exhibit D Collection Letter).

23. The Letter conveyed information regarding the account directly to Plaintiff, including the balance due, the identity of the original creditor, and the creditor account number.

24. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

25. The Letter informed Plaintiff that her "Infinity Healthcare Phys, SC account has been purchased by Pendrick Capital Partners."

26. The Letter additionally stated "If in 40 days following receipt of this notice and the expiration of the validation period below, the account remains unresolved it will be reported

to the three national credit reporting agencies", including "Amount Due: $306.13", as well as a payment voucher to be "enclose[d] . . . with [debtors] payment in the envelope provided."

27. At the time that the Letter was sent, the original debt had been included in Plaintiff's bankruptcy petition, was subject to the United States Bankruptcy Code's Automatic Stay Injunction, pursuant to 11 U.S.C §362, and thus, Plaintiff no longer owed it.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. By urging Plaintiff to "resolve" the current "amount Due" of "$306.13" and threatening credit disparagement if the account were not brought current, Defendants falsely represented it had a legal right to continue to attempt to collect the debt, even though it had no legal right to do so, in violation of §§ 1692e, §1692e(2)(A), §1692e(5) and §1692e(10).

30. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

31.     VSG and Pendrick violated 15 U.S.C. §§1692f, and 1692f(1) by attempting to collect an alleged debt from Plaintiff during the pendency of her Chapter 7 bankruptcy proceedings when it had no legal right to collect it.

32.     15 U.S.C. § 1692c(a)(2) of the FDCPA provides as follows:

> **If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…**

33.     VSG violated §1692c(a)(2) when it contacted Plaintiff, even though it could have readily ascertained that she was represented by an attorney, as her attorney was listed on her bankruptcy petition.

34.     Plaintiff had been assured by her attorney that her creditors and debt collectors would cease communicating with her directly when she filed her petition for bankruptcy, and Plaintiff was hopeful that she would be able to avoid the frequent and persisting receipt of collection letters from debt collectors when she filed bankruptcy.

35.     Plaintiff suffered emotional distress, annoyance, aggravation and inconvenience as a result of the receipt of a collection letter from VSG.

36. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

37. Pendrick authorized, directed, and ratified every action taken by VSG on its behalf, and is liable for the acts and omissions of VSG, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT- NATIONAL BOND AND PENDRICK

38. Plaintiff re-alleges above paragraphs as if set forth fully in this count

39. By urging Plaintiff to "resolve" the current "amount Due" of "$306.13", Defendants VSG and Pendrick falsely represented that the debt was otherwise legally actionable and could result in litigation or credit disparagements, in violation of §§1692e, §1692e(2)(A), §1692e(5) and §1692e(10).

40. Defendants violated 15 U.S.C. §§1692f, and 1692f(1) by attempting to collect an alleged debt from Plaintiff during the pendency of her Chapter 7 bankruptcy proceedings when it had no legal right to collect it, and thus, when she no longer owed it.

41. Defendant VSG violated §1692c(a)(2) when it contacted Plaintiff, even though it knew or could have readily ascertained that she was represented by an attorney, as her attorney was listed on her bankruptcy petition.

42. Pendrick is liable for the actions and omissions of its agent, VSG, in its attempt to collect the alleged debt from Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

      A.      Actual damages pursuant to 15 U.S.C. §1692K(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      C.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
TOMEI LAW
223 N Milwaukee Ave. (Rt. 21), Suite 14
Gurnee, IL 60031
T: (847) 596-7494
F: (847) 589-2263
E: Robert@TomeiLawFirm.com
www.TomeiLawFirm.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys